UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ALICIA PRESTON,

                      Plaintiff,

     v.                                               3:07-cv-972

ROLAND BEERS,

                      Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## **DECISION and ORDER**

Plaintiff Alicia Preston commenced the instant action pursuant to 42 U.S.C. sec. 1983 claiming violations of her constitutional rights because Defendant Town Justice Roland Beers failed to appoint counsel for her in connection with criminal proceedings against her. Presently before the Court is Defendant's motion to dismiss the Complaint in its entirety pursuant to Fed. R. Civ. P. 12.

## **I.    FACTS**

The following facts are taken from the Complaint and, for purposes of the pending motion to dismiss, are assumed to be true.

Alicia Preston has an IQ of 65. As such, she attended special education classes throughout her life.

On July 31, 2003, Preston was arrested by David Halaquist of the Village of Walton police department on felony charges of criminal possession of stolen property in the fourth degree in violation of N.Y. Penal Law §165.45(2). Preston was arraigned on the charge in

the Walton Village Court in Delaware County. Defendant Roland Beers was the presiding town justice. At the time of her arraignment, Preston was not represented by counsel. She claims that, due to her financial circumstances, she would have been eligible for the appointment of counsel.

With the consent of Assistant District Attorney Frank Wood, Plaintiff was permitted to plead guilty to a reduced charge of criminal possession of stolen property in the fifth degree in violation of New York State Penal Law §165.40, a class A misdemeanor. Based upon this plea, Preston was sentenced to a term of probation of 3 years with standard conditions of probation supervision.

Subsequently, Preston was charged with the violation of one of more of the conditions of that probation, and returned before Justice Beers for a re-sentencing. At that time, Justice Beers re-sentenced Preston to a term of incarceration in the Delaware County Correctional Facility. After release from incarceration, Preston was required to live in a group home for mentally retarded adults, as a further condition of her continuing probation. Preston remained in this group home until August 2006.

## II.    STANDARD OF REVIEW

On a Rule 12 motion to dismiss, the Court must construe the Complaint in favor of the plaintiff and may dismiss the Complaint "only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle [her] to relief.'" Fernandez v. Chertoff, 471 F.3d 45, 51 (2d Cir. 2006) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957)).

> During the pleadings stage in litigation, "[t]he appropriate inquiry is not whether a plaintiff is likely to prevail, but whether he is entitled to offer evidence to support his claims." Nechis v. Oxford Health Plans, Inc., 421

> F.3d 96, 100 (2d Cir. 2005) (citations omitted).  Thus, we assume the truth of all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff . . . ." Thompson v. Carter, 284 F.3d 411, 416 (2d Cir. 2002).

Fernandez, 471 F.3d at 51.

### III.    DISCUSSION

Plaintiff commenced the instant action claiming that Defendant violated her constitutional rights by failing to appoint counsel for her in connection with the above-described criminal proceedings.  Presently before the Court is Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12 on the grounds that: (1) this action is time-barred; and (2) Defendant Beers is entitled to absolute judicial immunity.  Plaintiff has failed to respond to the motion.

### a.    The Complaint Is Untimely

Claims brought pursuant to 42 U.S.C. sec. 1983 are subject to a three-year statute of limitations.  Zapata v. City of New York, 502 F.3d 192, 194 n.3 (2d Cir. 2007).  Here, the last act attributable to Defendant Beers occurred on April 8, 2004, the date on which he discharged Plaintiff from her sentence to a group home.[1]  Plaintiff filed her Complaint on September 18, 2007, more than three years from the date her cause of action accrued.  Accordingly, this matter is time-barred.

---

[1] This date comes from the criminal docket in the underlying criminal proceeding.  Because these facts are matters of public record and are not in dispute, the Court may consider the docket in connection with Defendants' Rule 12 motion.  Almonte v. City of Long Beach, 478 F.3d 100, 104 n.2 (2d Cir. 2007); Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006).  The actual conduct complaint of - the failure to appoint counsel - occurred much earlier in 2003.

### b.     Defendant Beers Is Entitled to Absolute Immunity

Further, it is well-settled that judges are entitled to absolute immunity for action taken in their capacity as judges. <u>Huminski v. Corsones</u>, 396 F.3d 53, 74-76 (2d Cir. 2005). Here, the allegations in the Complaint pertain to Defendant Beers' presiding over an arraignment and sentencing. These are all judicial activities to which absolute immunity applies. See <u>DeLeon v. City of Haltom City</u>, 106 Fed. Appx. 909 (5th Cir. 2004) (unpublished); <u>Davis v. Tarrant County, Tex.</u>, 2007 WL 4191964 (N.D. Tex. 2007). Because there are no allegations of extra-judicial conduct or that Defendant Beers acted outside of his jurisdiction, he is entitled to absolute immunity. <u>Id</u>.

### IV.    CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED and Plaintiff's Complaint is DISMISSED IN ITS ENTIRETY.

IT IS SO ORDERED.

Dated: December 18, 2007

*[signature]*
Thomas J. McAvoy
Senior, U.S. District Judge